083515.0971(207)                              RMC:lab

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| **SPECIALTY RISK OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **BAR INDY LLC, an Indiana Limited** | ) |
| **Liability Corporation, doing business as** | ) |
| **TIKI BOB'S CANTINA, and ASHLEY** | ) |
| **HEATH,** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Specialty Risk of America, by and through its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Bar Indy LLC, an Indiana Limited Liability Corporation, doing business as Tiki Bob's Cantina, and Ashley Heath, alleges the following:

### JURISDICTION

1.     The jurisdiction of this Court is premised upon 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of limited insurance coverage because the insurance policy Specialty Risk of America issued to its Insured contains a sublimit of insurance for certain claims.

**VENUE**

2. Venue is premised upon 28 U.S.C. §1391 as Defendant Bar Indy is a resident of this District and the transaction or occurrence took place in this District.

**THE PARTIES**

3. Specialty Risk of America ("SPRISKA") is an Illinois domiciled stock property and casualty insurance corporation licensed and regulated by the Illinois Department of Insurance, which maintains its principal place of business in Springfield, Illinois. Specialty Risk of America LLC is an Illinois limited liability company which is the holding company which owns the outstanding shares of Special Insurance Services, Inc. and SPRISKA whose Manager is William Kelso, a citizen and resident of Springfield, Illinois.

4. Bar Indy LLC doing business as Tiki Bob's Cantina ("Bar Indy" or "the Insured") is an Indiana Limited Liability Corporation, with its principal place of business in Indianapolis, Indiana, which operates a tavern or dram shop in Indianapolis, Indiana. The Manager of Bar Indy is Jason C. Jenkins, a citizen of the State of Indiana and a resident of Fishers, Indiana. The Member of Bar Indy is Jason J. Stellema, a citizen of the State of Indiana and a resident of Fishers, Indiana.

5. Ashley Heath ("the underlying Plaintiff") is the plaintiff in a certain action brought against Bar Indy in another Court, which action will be more fully described later herein, and who is a nominal but interested party to this declaratory judgment action. SPRISKA seeks no relief from the underlying Plaintiff, who has been joined herein as a

party defendant solely in order to be bound by the judgment rendered in this cause. The underlying Plaintiff is a citizen of the State of Indiana who resides in or near Muncie, Indiana.

## THE SPRISKA POLICY OF INSURANCE

6. SPRISKA issued its Commercial Package policy of insurance numbered 10-2019-8920 to Bar Indy as named insured. The policy provided for Commercial General Liability Insurance for the effective period of March 23, 2021 to March 23, 2022. The Commercial General Liability coverage part ("CGL policy") of the Commercial Package policy has a limit of liability of $1,000,000 each occurrence, however, pursuant to an endorsement, the coverage for an assault, battery and/or physical altercation is subject to a sublimit of $300,000. A true and correct copy of the aforesaid policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

7. The SPRISKA policy endorsement for Assault, Battery or Physical Altercation applies to the claims asserted by the underlying Plaintiff and provides, in part as follows (Ex. A at 65):

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**AMENDMENT-SUBLIMIT OF INSURANCE –
ASSAULT, BATTERY, OR PHYSICAL ALTERCATION**

This endorsement modifies insurance provided under the following:

Commercial Liability Coverage

**SCHEDULE\***

(\*Information required to complete this Schedule, if not shown on this endorsement, will be shown either in the Declarations and/or Rating Information schedule.)

**Aggregate Sublimit of Insurance** $

**Per Occurrence Sublimit of Insurance** $

**A.** Other than **bodily injury, property damage, personal injury** and/or **advertising injury** which arises out of the use of reasonable force to protect people or property, this endorsement limits the amount we will pay as a result of the following:

    **1.** The actual or threatened assault, battery and/or physical altercation whether caused by or at the instigation or direction of any **insured**, your **employees**, patrons or any other person or persons;

    **2.** The failure of any **insured**, or anyone else for whom any **insured** is legally responsible to prevent, and/or suppress any assault, battery, and/or physical altercation; or

    **3.** The negligent:

        **a.** Employment;
        **b.** Investigation;
        **c.** Supervision;
        **d.** Hiring;
        **e.** Training;
        **f.** Retention;
        **g.** Security;
        **h.** Monitoring;

    of a person for whom any **insured** is or ever was legally responsible and whose conduct would be excluded by **1**. or **2**. above.

**B.** The following is added to **HOW MUCH WE PAY**:

    **9.** The Aggregate Sublimit of Insurance shown in the Schedule above is the most we will pay for **damages** for coverage provided under this endorsement. These payments will reduce the General Aggregate Limit shown in the Declarations.

    **10.** The Per Occurrence Sublimit of Insurance shown in the Schedule above is the most **we** will pay for **damages** because of **bodily injury, property damage, personal injury,** and **advertising injury** arising in whole or in part out of any one **occurrence** for coverage provided under this endorsement. These payments will reduce the Per Occurrence Limit shown in the Declarations.

    **11.** **Our** obligation under this endorsement to pay **damages** on **your** behalf applies only to the amount of **damages** in excess of any Deductible, if applicable.

**THE UNDERLYING LITIGATION**

  8. The underlying Plaintiff filed an action for damages against Bar Indy in Marion County (Indiana) Superior Court No. 3, under Cause No. 49D03-2109-CT-029661. A true and correct copy of the Complaint in that action is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

  9. The underlying Plaintiff seeks damages, compensatory and punitive, from Bar Indy for injuries and damages allegedly sustained by her as a result of being raped by a patron, namely, John Doe, outside the premises on June 25, 2021. The underlying Plaintiff alleges that she was a business invitee at Bar Indy, that she was dancing with a group of people who were family and friends, that John Doe, a stranger, started dancing with the group, that John Doe grabbed her arm and pulled her toward an exit, that the underlying Plaintiff's pleas for help were ignored by the alleged employee at the door, who took her drink but failed to intervene to assist her, and when outside the premises, she was raped by John Doe who then ran away, all of which more fully appears in Pleading Exhibit B attached hereto.

  10. The underlying Plaintiff seeks damages, compensatory and punitive, from Bar Indy for negligence alleging the Insured breached a duty to protect her from a danger on the premises (Count I), for negligent hiring, instructing, supervising and retaining its employees (Count II), and for intentional infliction of emotional distress based on the same

facts alleged in the prior counts (Count IV), all of which more fully appears in Pleading Exhibit B attached hereto.

11. SPRISKA has agreed to provide Bar Indy with a defense under its CGL policy subject to reservation for the reasons stated herein.

## COUNT I
### (DECLARATORY JUDGMENT RE: SUBLIMIT OF INSURANCE APPLIES)

12. SPRISKA adopts and repeats the allegations of ¶¶ 1 through 11 as and for ¶ 12 hereof as though the same were fully set forth herein.

13. While the SPRISKA CGL policy, Pleading Exhibit A, extends coverage to an insured for "bodily injury" as defined, that policy provides limited coverage for "bodily injury" and related claims for which Bar Indy may be liable by reason of an assault, battery or physical altercation, for example, by a patron or any other person, including a failure of the Insured to prevent the assault, battery or physical altercation, and the negligent hiring, instructing, supervising and retaining of employees as alleged by the underlying Plaintiff.

14. SPRISKA contends that the claims made against Bar Indy by the underlying Plaintiff are within the sublimit of insurance endorsed on the policy issued to the Insured for one or more or all of the following reasons:

   (a) The underlying Plaintiff's claims as alleged in her Complaint fall within the sublimit of insurance.

   (b) That the policy issued to the Insured specifically excludes punitive damages (Pleading Ex. A at 104) which are sought in each of the three counts asserted by the underlying Plaintiff against Bar Indy.

(c) That intentional infliction of emotional distress is otherwise not covered as it involves intentional conduct and does not involve bodily injury as defined.

(d) That the $300,000 sublimit of insurance shown in the Declarations is SPRISKA's maximum limit of liability for all damages arising out of the bodily injury or other damages sustained by the underlying Plaintiff in any one occurrence.

(e) That the $300,000 sublimit of insurance shown in the Declarations is SPRISKA's maximum limit of liability for all covered damages claimed by the underlying Plaintiff.

(f) That the $300,000 sublimit of insurance for each occurrence is the most SPRISKA must pay regardless of the number of claims made or asserted by the underlying Plaintiff.

(g) That the Per Occurrence Sublimit of insurance is the most that SPRISKA has to pay for damages arising in whole or in part out of any one occurrence for coverage provided under the Endorsement.

15. The above contentions of SPRISKA are, on information and belief, denied by the Defendants who, in turn, contend that the sublimit of insurance does not apply to SPRISKA's obligation to Bar Indy for the claims of the underlying Plaintiff. SPRISKA, in turn, denies the contrary contentions of Bar Indy and the underlying Plaintiff and each of them.

16. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of and provisions of 28 U.S.C. ¶¶ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

## PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Specialty Risk of America, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A. That the sublimit of insurance endorsement for assault, battery or physical altercation in the Specialty Risk of America policy issued to Bar Indy LLC doing business as Tiki Bob's Cantina applies to the Complaint and claims made by Ashley Heath against Bar Indy LLC doing business as Tiki Bob's Cantina for the action filed in the Marion County Superior Court 3 in Marion County, Indiana, under Cause No. 49D03-2109-CT-029661, under its CGL policy of insurance numbered 10-2019-8920.

B. That the Court grant Specialty Risk of America such other and further relief as the Court deems fit and just under the circumstances.

C. That Specialty Risk of America be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

*/s/ Robert Marc Chemers*
Robert Marc Chemers

        Robert Marc Chemers
        PRETZEL & STOUFFER, CHARTERED
        200 South Wacker Drive, Suite 2600
        Chicago, Illinois 60606
        Telephone:   (312) 578-7548
        Fax:              (312) 346-8242
        E-Mail: rchemers@pretzelstouffer.com
        *Attorneys for Plaintiff*